# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JACKIE CUBIT,

    Plaintiff,

vs.                                                                                              No. 19-cv-194 WJ-GJF

CURRY COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's *Pro Se* Civil Rights Complaint. (Doc. 1). Plaintiff alleges Defendant failed to provide sufficient plumbing facilities. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the complaint; grant leave to amend; and require Plaintiff to address the filing fee.

**I. Background**

Plaintiff is incarcerated at the Curry County Detention Center (CCDC). He alleges that on Feb. 27, 2019, the toilet in his cell became clogged. He requested a plumbing snake from D.O. Green, who referred the request to "Sergeant Mrs. Flashy." Flashy denied the request. The toilet remained clogged between February 27, 2019 and at least March 7, 2019. The cell door was closed for eight hours at night, during which time Plaintiff lacked access to a sanitary facility. Plaintiff began the internal grievance process in early March. When he did not receive the plumbing snake within three days, he filed the Complaint on March 7, 2019.

Construed liberally, the Complaint appears to challenge Plaintiff's conditions of confinement under the Eighth Amendment and 42 U.S.C. § 1983. He seeks $80,000 in damages

and asks the Court to demote Flashy.

## II. Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* under 28 U.S.C. § 1915A "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

## III. Discussion

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Plaintiff's § 1983 Complaint does not survive initial review, for three reasons. First, CCDC is the only named defendant, and detention centers are not a 'persons' subject to suit under § 1983. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections,* 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished). Second, even if Plaintiff intended to sue Flashy, the allegations do not state an Eighth Amendment claim. To demonstrate prison conditions amount to cruel and unusual punishment under the Eighth Amendment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir. 1998). A bare assertion regarding a clogged toilet does not meet this standard. *See Moore v. Trapp,* 1991 WL 65074, * 2 (10th Cir. 1991) (unpublished) (affirming the dismissal of a complaint alleging "plumbing problems" because plaintiff didn't sufficiently describe "the foul involved, who was involved, and when and where it took place"). Plaintiff has also not alleged Flashy intentionally "disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Finally, even if Plaintiff named the proper defendant and alleged sufficient facts under the

3

Eighth Amendment, the Complaint would still be subject to dismissal on procedural grounds. Inmates are required to exhaust administrative remedies before bringing a civil rights claim, and suits filed before the exhaustion requirement is met must be dismissed. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). The "failure to exhaust … is an affirmative defense" and need not be examined in every case as part of the screening process. *Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir. 2011). However, where "it is clear on the face of [Plaintiff's] complaint that he ha[s] not exhausted his administrative remedies, … the district court properly may raise the exhaustion question *sua sponte*." *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007). Here, the Complaint clearly indicates Plaintiff did not complete the internal grievance process. He alleges he "beg[a]n" the "paper trail" but filed suit three days later. (Doc. 1 at 2). This Court cannot grant relief until the grievance process is complete.

For the foregoing reasons, the Court will dismiss the complaint under § 1915A and permit Plaintiff to file an amended complaint within 30 days of entry of this Order. Plaintiff must address the $400 civil filing fee by the same deadline. If he elects to pursue relief, Plaintiff must either: (1) prepay the $400 fee in full; or (2) file a motion to proceed *in forma pauperis* along with a certified copy of his inmate account statement for the period between September 7, 2018 and March 7, 2019. *In forma pauperis* relief excuses prepayment of the filing fee, but Plaintiff will still need to make an initial partial payment and pay the remainder of the fee in installments. If Plaintiff declines to file an amended complaint **or** declines to file a properly supported *in forma pauperis* motion, the Court will dismiss this case without prejudice to refiling after the grievance process is complete.

**IT IS ORDERED** that Plaintiff's Complaint (**Doc. 1**) is **DISMISSED** without prejudice pursuant to § 1915A for failure to state a claim on which relief may granted.

**IT IS FURTHER ORERED** that **within 30 days of entry of this Order,** Plaintiff may file an amended complaint.

**IT IS FURTHER ORDERED** that if Plaintiff elects to prosecute an amended complaint, he must prepay the $400 fee in full, or alternatively, file a motion to proceed *in forma pauperis* along with a certified copy of his inmate account statement for the period between September 7, 2018 and March 7, 2019.

**IT IS FINALLY ORDERED** that the Clerk's Office shall send Plaintiff a form *in forma pauperis* application and a form § 1983 complaint.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE