IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

JACKIE CUBIT,

    Plaintiff,

vs.                                                                                                                                                                    No.  19-cv-194 WJ-GJF

CURRY COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Jackie Cubit's failure to amend his Civil Rights Complaint and address the federal filing fee (Doc. 1). Plaintiff is incarcerated and proceeding *pro se*. The original Complaint alleged that the Curry County Detention Center (CCDC) failed to provide sufficient plumbing facilities. Plaintiff specifically referred to a toilet clog that occurred in his cell on February 27, 2019. He requested a plumbing snake from D.O. Green, who referred the request to "Sergeant Mrs. Flashy." Flashy allegedly denied the request. The toilet purportedly remained clogged between February 27, 2019 and at least March 7, 2019. The cell door was closed for eight hours at night, during which time Plaintiff lacked access to a sanitary facility. Based on these issues, the original Complaint challenged Plaintiff's conditions of confinement under the Eighth Amendment and 42 U.S.C. § 1983. The original Complaint sought $80,000 in damages and appeared to name CCDC as the sole Defendant.

By a Memorandum Opinion and Order entered April 6, 2020, the Court dismissed the Complaint for failure to state a cognizable claim. (Doc. 3); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints). The ruling observed that as a detention center, CCDC

is not a 'person' subject to suit under § 1983. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections,* 172 F.3d 62 (10th Cir. 1999). The original Complaint also failed to demonstrate that the clogged toilet gave rise to objectively intolerable conditions for purposes of the Eighth Amendment. The Tenth Circuit has found that a bare assertion regarding "plumbing problems" will not survive initial review. *See Moore v. Trapp,* 1991 WL 65074, * 2 (10th Cir. 1991) (plaintiff must describe "the foul involved, who was involved, and when and where it took place" to state a claim based on unsafe conditions of confinement). It was also clear from the face of the original Complaint that Plaintiff failed to exhaust administrative remedies before bringing a civil rights claim, as required by 42 U.S.C. § 1997e(a). *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (Where "it is clear on the face of [Plaintiff's] complaint that he ha[s] not exhausted his administrative remedies, … the district court properly may raise the exhaustion question *sua sponte*."). The original Complaint indicated that Plaintiff began the internal grievance process in early March, 2019. When he did not receive the plumbing snake within three days, he filed a federal action on March 7, 2019. The Complaint therefore failed to state a cognizable constitutional claim, for multiple reasons.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days (*i.e.,* until May 6, 2020) to amend his complaint. The Court also directed him to either prepay the $400 civil fee or file a motion to proceed *in forma pauperis* by the same deadline. *See* 28 U.S.C. § 1915(a) (addressing the filing fee requirement in inmate cases). Plaintiff was warned that if he failed to timely file an amended complaint and address the filing fee, the case would be dismissed without prejudice. Plaintiff did not comply with any directive or otherwise respond to the Memorandum Opinion and Order. This action will therefore be dismissed without prejudice

for failure to state a claim and failure to follow court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").

**IT IS ORDERED** that Jackie Cubit's prisoner civil rights action (Doc. 1) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE

3